## CIRCUIT COURT OF ARLINGTON COUNTY

George W. Evans

v.

National Hospital for Orthopaedics
and Rehabilitation

June 19, 1986

Case No. (Law) 26738

By JUDGE THOMAS R. MONROE

Under advisement is the defendant's Plea of the Statute of Limitations argued on April 11, 1986. I have carefully considered the oral arguments of counsel and the authorities submitted and sustain the Plea of the Statute of Limitations.

Plaintiff asserts in this Motion for Judgment that he entered National Hospital for Orthopaedics and Rehabilitation on February 2, 1984, for surgery on his knee. After the operation he complained to defendant of numbness in his right arm and hand. He states that he was tested on August 12, 1985, by his own physician who told him that the injury causing his condition was inflicted during surgery. Suit was filed on February 28, 1986, alleging negligence of defendant in causing plaintiff's injuries.

Plaintiff argues that the statute' does not begin to run until the treatment ceases and that he falls within "the continuing treatment rule." Consequently the statute did not begin to run until he discovered the cause of his condition, to-wit on August 12, 1985.

Defendant contends that the Motion for Judgment alleges only "a single, isolated act," not continuing medical treatment and is time barred being commenced more than two years following the time of the alleged injury.

Virginia Code Ann. Section 8.01-243(a) prescribes:

> Unless otherwise provided by statute, every action for personal injuries, whatever the theory of recovery, except as provided in B hereof, shall be brought within two years next after the cause of action shall have accrued.

In *Hawks v. DeHart*, 206 Va. 810 (1966), the Supreme Court of Virginia stated:

> Virginia is committed to the rule that, in the absence of special circumstances such as disability of the plaintiff or fraudulent concealment by defendant, the limitation on the right to sue begins to run when the wrong is done and not when the plaintiff discovers he has been damaged.

In *Richmond Redevelopment & Housing Authority v. Laburnum Construction Corporation*, 195 Va. 827 (1954), the Court said that the difficulty in determining that a cause of action exists plays no part in the general rule.

There is no allegation in the Motion for Judgment of continuing medical services rendered by defendant to plaintiff as set forth in *Farley v. Goode*, 219 Va. 969 (1979).

I am of the opinion that this case falls within the rule announced in *Hawks v. DeHart, supra,* and that the Motion for Judgment was brought more than two years after this cause of action accrued on February 2, 1984, and is thus time barred.